UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.

CASE NO: 8:04-CR-327-T-24 MAP

**FELIX CASTRO**
    **Defendant**
_____/

**ORDER**

This cause comes before the Court on Petitioner Felix Castro's Motion to Reduce Sentence (Doc. 187). In his motion, Petitioner asks the Court to call upon the U.S. Attorney's Office to withdraw Petitioner's 18 U.S.C. § 924(c) conviction so that he can be resentenced.

On August 1, 2005, Petitioner was sentenced to 360 months' imprisonment for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846(a) and 841(b)(1)(A)(ii) (Count 1), and 120 months' imprisonment for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 5), all such terms to run concurrently. (Docs. 111, 151). He was also sentenced to 60 months for possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(2) (Count 2), to run consecutive to Counts 1 and 5. (Docs. 111, 151). His conviction and sentence were affirmed on appeal. (Doc. 153).

Relying on *Holloway v. United States*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), Petitioner requests that, in the interest of fairness, the Court call upon the U.S. Attorney's Office to withdraw the § 924(c) conviction so that Petitioner can be resentenced. The "*Holloway* Doctrine" stands for the belief that district courts have the discretion to subsequently reduce a defendant's sentence in the interest of fairness.

However, Petitioner does not state any basis for entitlement to this relief. The Court will not reduce Petitioner's sentence based on the "*Holloway* Doctrine." Accordingly, Petitioner's Motion is **DENIED**.

It is so Ordered at Tampa, Florida this 29th day of June, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copy to:
Felix Castro, *pro se*