UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                              Case No.: 8:04-cr-327-T-24JSS

FELIX CASTRO

_____/

**O R D E R**

This cause comes before the Court on Defendant Felix Castro's [Third] Motion for Modification of Sentence for Extraordinary and Compelling Reasons Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1]  (Doc. 217).  For the reasons stated below, the motion is denied.

## I. BACKGROUND

Defendant was sentenced on August 1, 2005, to a total term of 420 months of imprisonment for the offenses of conspiracy to possess with intent to distribute cocaine, possession of a firearm during and in relation to a drug trafficking crime, and possession of a firearm by a convicted felon. (Doc. 111, 151).  He was sentenced as a career criminal.  (Doc. 184 at 12).  Defendant currently is incarcerated at MCFP Springfield, and his projected release date is May 28, 2034.  He is 47 years old.

## II. LEGAL FRAMEWORK

A court generally may not modify a term of imprisonment once it has been imposed unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.  18 U.S.C. § 3582(c).  Section 603(b) of the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow courts to modify sentences not only upon motion of the Director of the BOP, but also "upon

---

[1] This is Castro's third motion for compassionate release, and his second motion for compassionate release due to COVID-19.  (*See* Docs. 201, 207).

motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)).  Once that showing is made, a court may reduce a defendant's sentence if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent they are applicable, it finds that:

> (i)     extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).  The defendant generally bears the burden of establishing that compassionate release is warranted.  *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III. FINDINGS

#### A. Exhaustion or Lapse

Defendant satisfies § 3582(c)(1)(A)'s exhaustion requirement.  Defendant submitted a request for reduction in sentence/compassionate release based on a terminal medical condition, other medical conditions, and COVID-19 to the BOP on March 30, 2020.[2]  (Doc. 217-2 at 2). Defendant's unit manager denied the request, and Defendant submitted a request for administrative remedy stating that he wished to appeal.  *Id.* at 3-5.  The warden of MCFP Springfield denied

---

[2] Defendant's unit manager denied the request, Defendant appealed, Defendant's counselor responded that the appeal could not be informally resolved, and Defendant's appeal of the denial of his request was forwarded to the warden of Defendant's facility along with Defendant's BP-9 form.  (Doc. 217-2 at 3-6).

2

Defendant's administrative remedy request on April 21, 2020. *Id.* at 9. Defendant appealed, and the BOP's regional director denied his appeal on May 12, 2020. *Id.* at 10, 14. Defendant appealed, and the BOP's administrator of national inmate appeals issued a final denial of Defendant's appeal on July 14, 2020. *Id.* at 16, 18.

### B. Extraordinary and Compelling Circumstances

Section § 3582(c)(1)(A) does not define what constitutes "extraordinary and compelling reasons." 28 U.S.C. § 994(t). Instead, Congress delegated authority to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." *Id.* In its existing policy statement on compassionate release, the Sentencing Commission states that, provided the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g),[3] extraordinary and compelling reasons exist under any of the following circumstances:

(A) Medical Condition of the Defendant.
    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of

---

[3] Courts consider the following when making this determination:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant

(i) is at least 65 years old;

(ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

(iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D).

Defendant alleges that each of the following constitutes an extraordinary and compelling reason: (1) he suffers from a terminal illness, namely, end stage kidney disease; (2) he suffers from

4

a serious medical condition that substantially diminishes his ability to provide self-care within the confines of prison, namely, end stage kidney disease from which he is not expected to recover; and (3) he is at increased risk of severe illness from COVID-19 in light of his end stage kidney disease, lupus with compromised immune system, high blood pressure, and vitamin D deficiency.[4]

Defendant arguably demonstrates that his dialysis-dependent end-stage kidney disease falls within the Sentencing Commission's definition of a qualifying "terminal illness" and/or a "serious physical or medical condition . . . that substantially diminishes" his ability to provide self-care in prison and from he is not expected to recover."[5] *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)(i) and (ii). However, in the warden's April 21, 2020, response to Defendant's request for compassionate release, he states that, "[w]hile you do have medical issues, your conditions are considered stable with medical care and treatment. You do not require assistance with your activities of daily living and have a high level of independence." (Doc. 217-2 at 9). Also, in response to Defendant's administrative appeal, Ian Connors, Administrator National Inmate Appeals, states "[w]hile you have been diagnosed with several chronic medical conditions including end state renal disease,

---

[4] Defendant submits his medical records from the BOP, including a detailed list of health problems (Doc. 217-1 at 3-9); a list of his prescription medications (Doc. 217-1 at 20-21); a statement from a BOP physician dated October 30, 2014, indicating that Defendant had a "serious illness (includes patients with terminal illness or other medical condition that is likely to be progressive, deteriorating and/or causing a clinical state that death would not be unexpected but would not necessarily be imminent)," namely, end stage renal disease on hemodialysis and hypertension (Doc. 217-3 at 3); and a nephrology consultative report from Dr. Susan Woody dated May 18, 2020, who assessed chronic kidney disease, stage VI, and noted that Defendant was "feeling well" (Doc. 217-5 at 3).

[5] The National Kidney Foundation has identified six stages of chronic kidney disease ("CKD"): stage 1, stage 2, stage 3a, stage 3b, stage 4, and stage 5. https://www.kidney.org/es/node/25721 (last visited Sept. 17, 2020). Stage 5 of CKD is considered kidney failure. https://www.kidney.org/atoz/content/gfr (last visited Sept. 17, 2020). Dialysis is needed when an individual develops end stage kidney failure; in chronic or end state kidney failure, an individual's kidneys do not get better and dialysis is required for life. https://www.kidney.org/atoz/content/dialysisinfo (last visited Sept. 17, 2020). Hemodialysis is a procedure where a dialysis machine and a special filter called an artificial kidney, or a dialyzer, are used to clean an individual's blood; it typically is done three times per week for about four hours at a time. https://www.kidney.org/atoz/content/hemodialysis (last visited Sept. 17, 2020).

your condition is stable. You have not been diagnosed with a life expectancy of 18 months or less." (Doc. 217-2 at 18). To the extent that Defendant argues that his kidney disease makes him more susceptible to COVID-19, the Court notes that Defendant is housed at MCFP Springfield, which is a medical center for federal prisoners, and it currently has no reported cases of COVID-19 among its prisoners.

### C.  18 U.S.C. § 3553(s) Sentencing Factors

The Court has considered the 18 U.S.C. § 3553(a) factors in determining Defendant's request for a reduction in sentence.[6] The Court finds those factors weigh against granting the motion because he is 47 years old, has over 13 years remaining on his sentence, and was sentenced as a career offender.

### IV.  CONCLUSION

After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, specifically that, although Defendant arguably demonstrates an extraordinary and compelling reason warranting relief, the Court declines to grant the relief requested because Defendant is 47 years old, his medical conditions are being properly managed, he has over 13 years remaining on his sentence, and  is a career criminal,

**It is ORDERED and ADJUDGED**:

---

[6] These include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

Defendant Felix Castro's [Third] Motion for Modification of Sentence for Extraordinary and Compelling Reasons Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 217) is **DENIED**. Because this is Defendant's third motion for compassionate release, all future motions based substantially on the same circumstances will be summarily denied.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of September 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Felix Castro